**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRUCE THOMAS, an individual., | No. 12-56525 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01435-JAH-RBB |
| v. | |
| SNAP-ON INCORPORATED, a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Bruce Thomas appeals pro se from the district court's orders denying his

post-judgment requests for an early neutral evaluation and a settlement conference

in his action alleging that defendant misappropriated his intellectual property. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court had subject matter jurisdiction, *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002), and review for an abuse of discretion the district court's compliance with its local rules concerning early neutral evaluation, *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

Contrary to Thomas's contention, the district court had subject matter jurisdiction over his action. *See* 28 U.S.C. § 1331 (federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) (federal subject matter jurisdiction exists over disputes involving citizens of different states and an amount in controversy over $75,000.00).

The district court did not abuse its discretion in denying Thomas's post-judgment requests for an early neutral evaluation and a settlement conference because Thomas did not have a complaint pending before the court. *See Bias*, 508 F.3d at 1223 ("Broad deference is given to a district court's interpretation of its local rules." (citations and internal quotation marks omitted)); *see also* CivLR 16.1(c)(1) (an early neutral evaluation conference must be held within forty-five days of the filing of an answer or, if the answer has not been filed, as determined by the assigned judicial officer).

12-56525

Thomas's motion to expedite, filed on December 18, 2014, is denied as moot.

**AFFIRMED.**